PATRICK J. KIRBY
DUNN & BLACK, P.S.
Peyton Building
10 North Post, Suite 200
Spokane, Washington 99201
(509) 455-8711
(509) 455-8734 (fax)

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 30 2005

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BRYAN JACOBSON,

   Plaintiff,

vs.

WASHINGTON STATE UNIVERSITY, a State agency, and the STATE OF WASHINGTON; STEVEN J. HANSEN, a married man and his marital community property,

   Defendants.

CV-05-0092-FVS

COMPLAINT

(JURY TRIAL DEMANDED)

## I. PARTIES, JURISDICTION AND VENUE

The Plaintiff for cause and action and complaint against the Defendants alleges as follows:

### Parties

1.  Plaintiff Bryan Jacobson, a married man, ("Jacobson") was at all times

COMPLAINT - 1

Dunn & Black
A Professional Service Corp.

Peyton Building
10 North Post, Suite 200
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

materially hereto a resident of Whitman County, State of Washington.

2. Defendant Washington State University ("WSU") is a state agency of Defendant State of Washington.

3. Defendant Steven J. Hansen, a married man, ("Hansen") at all times material hereto was a resident of Whitman County, State of Washington with Defendant Hansen being the Director/Chief of Police for the Public Safety Department of Defendant WSU, and at all times material hereto was acting within the scope of his capacity as an employee of Defendant WSU.

### Jurisdiction

4. This action is pursuant to 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1983; and RCW 49.60 et seq.; and the common law of the State of Washington. Jurisdiction over the federal claims herein is invoked pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5, 42 U.S.C. § 1983, and over the state law claims asserted herein pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

5. Jurisdiction over the federal claims herein is appropriate because of violations of 42 U.S.C. § 1983 and because the Defendant WSU employs more than fifteen employees and is subject to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq. ("Title VII"). Jacobson received on January 8, 2005, a right to sue letter issued by United States Department of Justice which was

COMPLAINT - 2

Dunn & Black
A Professional Service Corp.

Peyton Building
10 North Post, Suite 200
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

dated December 30, 2004. Jacobson filed an administrative claim with Defendant State of Washington pursuant to RCW 4.92.100. More than sixty days have elapsed since the presentation and filing of that claim.

6. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e-5, 42 U.S.C. § 1988, RCW 49.60.030(2), and RCW 49.48.030.

**Venue**

7. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1391(b) as a result of the fact that the events which are the subject of this action occurred in the Eastern District of Washington.

## II. FACTS

8. On or about April 27, 1990, Jacobson began his employment with WSU as a police officer in the University's Police Department.

9. At all times material hereto, Jacobson was a dedicated, loyal employee of Defendant WSU, and performed his duties in a satisfactory manner.

10. Throughout his employment at Defendant WSU, Jacobson's job performance was subjected to heightened scrutiny by his supervisors, including Defendant Hansen.

11. Defendant Hansen became the Director/Chief of Police for the Public Safety Department of Defendant WSU on or about July 1, 2000.

COMPLAINT - 3

Dunn & Black
A Professional Service Corp.

Peyton Building
10 North Post, Suite 200
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

12. On or about July 18, 2000, Jacobson, by and through his attorney, filed a lawsuit in Whitman County Superior Court, Cause No. 00-2-00145-1 against Defendant WSU alleging race discrimination and retaliation in violation of the Washington Law Against Discrimination (WLAD), 49.60 et seq.

13. Defendant WSU and Jacobson settled the above-referenced lawsuit on or about March 13, 2001. The terms of the settlement provided, inter alia, that WSU would provide forty (40) hours of training within the next eighteen months in addition to the training required by WSU policy or law in the field of law enforcement and diversity.

14. The specificity of the training was to be determined by Jacobson and in consultation with Defendant Hansen acting on behalf of Defendant WSU.

15. Pursuant to the settlement agreement, Jacobson provided Defendant Hansen with a list of law enforcement training diversity experts. Defendant WSU, by and through Defendant Hansen, breached the settlement agreement by not accepting Jacobson's list of training experts and by not providing Jacobson with an alternative list and by not taking any steps in providing law enforcement diversity training for the Defendant WSU Police Department as stipulated in the settlement agreement.

16. Before and after filing his racial discrimination and retaliation

COMPLAINT - 4

Dunn & Black
A Professional Service Corp.

Peyton Building
10 North Post, Suite 200
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

Jacobson spoke out publicly on matters of public concern relating to racial hostility and discrimination in the WSU Public Safety Department.

17. At all times material hereto and up to and including the present, Jacobson is the only African-American to be employed in the WSU Police Department.

18. On or about May 18, 2004, Defendant Hansen, acting in his official capacity as the Chief of Police for Defendant WSU, hand delivered to Jacobson a notice of his termination of employment as a Police Sergeant in the Public Safety Department of Defendant WSU effective June 7, 2004.

19. The reason cited for Jacobson's dismissal involved allegations of making personal purchases with the corporate travel card embossed with the WSU name and Jacobson's name. The reasons for Jacobson's dismissal are pretextual. Jacobson's personal use of the WSU corporate travel card was consistent with the custom, usage, and practice of other WSU employees. Other WSU and state employees have misued their WSU corporate travel cards and were not terminated from their employment with the state or WSU. All charges made on the state travel charge card are the personal liability of the cardholder and not the state or WSU. There was no financial loss to the state or WSU by Jacobson's use of the travel charge card. Jacobson paid off the balance of his charge card on or about December

COMPLAINT - 5

Dunn & Black
A Professional Service Corp.

Peyton Building
10 North Post, Suite 200
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

23, 2003. Jacobson's use of the WSU travel charge card did not interfere with the performance of his official duties, nor did it disrupt or distract from the conduct of state or WSU business. Jacobson did not use the WSU travel charge card for commercial purposes.

## III. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Retaliation (42 U.S.C. § 2000e-3; RCW 49.60.210)

20. Jacobson realleges and incorporates by reference paragraphs 1 through 19 above as set forth fully herein.

21. At all times during his employment, Jacobson performed his duties in a satisfactory and acceptable manner.

22. Defendants WSU, the State of Washington, and Hansen took adverse employment action against Jacobson, including termination of his employment, because Jacobson had complained of and opposed WSU treatment of African-American employees both formally with the WSU and by filing a suit seeking to protect his civil rights. Defendant WSU's and Defendant Hansen's actions were knowing, intentional, and a reckless disregard of Jacobson's civil rights in violation of Title VII, 42 U.S.C. § 2000e-3, and RCW 49.60.210.

23. Defendant WSU's and Defendant Hansen's violation of Title VII and WLAD was a proximate and direct cause of Jacobson's retaliatory termination and

COMPLAINT - 6

Dunn & Black
A Professional Service Corp.

Peyton Building
10 North Post, Suite 200
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

deprivation of equal employment opportunities and for damage occasioned to him as a result. Jacobson has suffered economic damages, severe emotional distress, embarrassment, humiliation and mental anguish as a direct result of this unlawful behavior by Defendants. As a direct and proximate result of Defendants' action and conduct, Jacobson has suffered damage in an amount to be proven at trial, including reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5 and RCW 49.60.030(2).

## SECOND CAUSE OF ACTION
### Wrongful Discharge In Violation Of Public Policy

24. Jacobson realleges and incorporates by reference paragraphs 1 through 23 above as set forth fully herein.

25. Because of Jacobson's complaints of Defendant WSU's treatment of African-Americans both formally and with his civil suit against WSU, and informally with his supervisor Defendant Hansen, Defendant WSU and Defendant Hansen took actions against Jacobson in retaliation, including terminating his employment. Jacobson's termination of employment was a wrongful discharge in contravention of public policy, the Title VII, 42 U.S.C. § 2000e et seq. and the WLAD, RCW 49.60 et seq., and the constitutions of both the United States of America and the State of Washington. As a direct and proximate result of Defendant WSU's wrongful conduct, Jacobson has suffered economic damages, non-economic damages in the form of emotional distress, embarrassment, humiliation and mental

COMPLAINT - 7

Dunn & Black
A Professional Service Corp.

Peyton Building
10 North Post, Suite 200
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

anguish in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### Negligent Retention / Supervision

26. Jacobson realleges and incorporates by reference paragraphs 1 through 25 above as set forth fully herein.

27. Defendant WSU's conduct in retaining Defendant Hansen as a supervisory employee, or failing to appropriately investigate or assign Defendant Hansen, resulted in Jacobson being subjected to abusive and hostile conduct, which constituted negligent retention and supervision of its employee Defendant Hansen. Defendant WSU's negligent retention and supervision of Defendant Hansen was a proximate cause of damages to Jacobson in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### Emotional Distress

28. Jacobson realleges and incorporates by reference paragraphs 1 through 27 above as set forth fully herein.

29. The Defendant WSU's and Defendant Hansen's intentional and unlawful conduct towards Jacobson, as well as Defendant WSU's failure to take prompt and directive actions was careless, unreasonable and negligent and a proximate cause of the infliction of severe emotional distress and mental anguish manifested by objective symptoms suffered by Jacobson for which he is entitled to

COMPLAINT - 8

Dunn & Black
A Professional Service Corp.

Peyton Building
10 North Post, Suite 200
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

recover damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
### Outrage

30. Jacobson realleges and incorporates by reference paragraphs 1 through 29 above as set forth fully herein.

31. Defendant WSU's and Defendant Hansen's abusive and intimidating conduct towards Jacobson and outright refusal to take prompt, effective and corrective action was so outrageous in character as to be absolutely intolerable in a civilized society and goes beyond all possible bounds of decency. Defendant WSU and Defendant Hansen owed a duty of care to Jacobson which they breached, and such breach constituted the tort of outrage which directly and proximately caused Jacobson's severe emotional anguish, humiliation, embarrassment, and emotional distress for which he is entitled to recover damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION
### Deprivation Of Civil Rights (42 U.S.C. § 1983)

32. Jacobson realleges and incorporates by reference paragraphs 1 through 31 above as set forth fully herein.

33. Jacobson's termination of his employment by Defendants was because of Jacobson's litigation and other speech concerning matters of public interest and

COMPLAINT - 9

Dunn & Black
A Professional Service Corp.

Peyton Building
10 North Post, Suite 200
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

protected by the Petition Clause and the Speech Clause of the First Amendment to the Constitution of the United States of America. Defendant WSU's and Defendant Hansen's actions were knowing, intentional, and reckless disregard and deprivation of Jacobson's civil rights in violation of 42 U.S.C. § 1983.

34. Defendant WSU's and Defendant Hansen's violation of 42 U.S.C. § 1983 was a proximate and direct caused of Jacobson's loss of public employment and for damage occasioned to him as a result. Jacobson has suffered economic damages, severe emotional distress, embarrassment, humiliation, and mental anguish as a result of this unlawful behavior by Defendants. As a direct and proximate result of Defendants' actions and conduct, Jacobson has suffered damage in an amount to be proven at trial, including punitive damages pursuant to 42 U.S.C. § 1983, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

## IV. JURY DEMAND

35. Jacobson, by this complaint and pursuant to Fed. R. Civ. P. 38, hereby requests this matter to be heard by a jury.

## V. PRAYER FOR RELIEF

Therefore, having made this Complaint and the allegations against defendants, plaintiff prays for relief as follows:

1. For judgment against defendants for special damages and lost wages,

COMPLAINT - 10

Dunn & Black
A Professional Service Corp.

Peyton Building
10 North Post, Suite 200
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

benefits and out-of-pocket expenses, including medical expenses in an amount to be proven at trial;

2,   For judgment against defendants for general damages for emotional distress, mental anguish, embarrassment and humiliation in an amount to be proven at trial;

3.   For plaintiff's costs and expenses incurred herein pursuant to 42 U.S.C. § 2000e-5, RCW 49.60.030, 42 U.S.C. § 1983 and 42 U.S.C. § 1988;

4.   For reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e-5, RCW 49.60.030, 42 U.S.C. § 1983 and 42 U.S.C. § 1988;

5.   For punitive damages pursuant to 42 U.S.C. § 1983;

6.   For front pay and benefits for a reasonable period of time;

7.   For pre-judgment interest as provided by law;

8.   For such other and future relief as the Court may deem just and proper.

DATED this 28th day of March, 2005.

DUNN & BLACK, P.S.

_____
PATRICK J. KIRBY, WSBA #24097
Attorneys for Plaintiff Bryan Jacobson

wpdocs\1876\complaint.m1105

COMPLAINT - 11

Dunn & Black
A Professional Service Corp.

Peyton Building
10 North Post, Suite 200
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

STATE OF WASHINGTON    )
                       :ss
County of ~~Spokane~~ Whitman  By )

Bryan Jacobson, being first duly sworn on oath, deposes and says:

That he is the Plaintiff herein; that he has read the foregoing Complaint, knows the contents thereof and believes the same to be true.

_____
BRYAN JACOBSON

SUBSCRIBED AND SWORN to before me this 28th day of March, 2005.

_____
Print Name: Rita M Haas
Notary Public in and for the State of
Washington, residing at Pullman
My Appointment Expires: 9-17-08

COMPLAINT - ~~13~~ 12

Dunn & Black
A Professional Service Corp.

Peyton Building
10 North Post, Suite 200
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734