UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

BRIAN JACOBSON,

Plaintiff,

v.

WASHINGTON STATE UNIVERSITY ET AL.,

Defendants.

No. CV-05-0092-FVS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION

**THIS MATTER** comes before the Court on the Defendants' Motion to Reconsider Order on Summary Judgment, Ct. Rec. 80. The Plaintiff is represented by Patrick J. Kirby. The Defendants are represented by Dannette W. Allen and Lisa LeAnn Sutton.

**BACKGROUND**

The Plaintiff, Brian Jacobson, was employed by Defendant Washington State University ("WSU") from April 27, 1990 until June 7, 2004. During the times relevant to this action, he was the only African American employed at the WSU Police Department. Compl. ¶ 17; Answer ¶ 17. Jacobson was discharged for misuse of his government-issued travel credit card.

Jacobson filed the present suit on May 24, 2005, alleging six causes of action. On January 3, 2007, the Court entered an order granting the Defendants partial summary judgment and dismissing all of

the Plaintiff's claims except common law outrage and retaliatory discharge under Title VII of the Civil Rights Act of 1964. (Ct. Rec. 62.) The Defendants now move for reconsideration of the summary judgment order. (Ct. Rec. 80.)

**DISCUSSION**

**I. LEGAL STANDARD**

The Defendants' motion for reconsideration is properly evaluated under Federal Rule of Civil Procedure 59(e). A motion for reconsideration of a summary judgment ruling may be brought under either Rule 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). When a motion for reconsideration does not identify the Rule under which it was filed, courts in the Ninth Circuit construe it as filed under Rule 59(e) if it was filed within ten days of the filing of the judgment. *Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 863 (9th Cir. 2004); *Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Neither party has suggested which rule governs the instant motion. Application of Rule 59(e) is appropriate because the Defendants filed the motion for reconsideration within the ten days of the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment.

Under Rule 59(e), a party may move to amend a judgment within ten days of the filing of the judgment. Fed. R. Civ. P. 59(e). However, such a motion for reconsideration "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th

Cir. 2003)(quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30 (3d ed. 2000)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945; *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contrs., Inc.*, 215 F.R.D. 581, 582 (D. Ariz. 2003). *See also Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1988)(holding denial of a motion for reconsideration proper where "it presented no arguments that had not already been raised in opposition to summary judgment"); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)(same). Absent exceptional circumstances, only three types of arguments provide an appropriate basis for a motion for reconsideration: arguments based on newly discovered evidence, arguments that the court has committed clear error, and arguments based on "an intervening change in the controlling law." *89 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

**III. THE PLAINTIFF'S TITLE VII CLAIM**

In order to state a prima facie case of retaliatory discharge under Title VII, a plaintiff must establish a causal link between his or her protected activity and the challenged adverse employment action. *Raad v. Fairbanks N. Star Borough*, 323 F.3d 1185, 1196-97 (9th Cir. 2003); *Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006). The Defendants argue that the Plaintiff's Title VII claim should have been dismissed at summary judgment because the Plaintiff has failed to

provide evidence of a causal link. In support of this argument, the Defendants raise five supporting points. First, the Defendants argue that the Plaintiff's April 2004 Center for Human Rights ("CHR") complaint could not have served as the basis for his discharge because Chief Hansen was unaware that the Plaintiff filed this complaint. (Ct. Rec. 80 at 3-4.) Second, the Defendants argue that the Plaintiff's 1992 and 1998 CHR complaints are too remote in time to serve as the basis for the Plaintiff's discharge. (Ct. Rec. 80 at 4-5.) Third, the Defendants argue that the PAB's findings preclude relitigation of Hansen's motivation for discharging the Plaintiff. (Ct. Rec. 80 at 6.) Fourth, the Defendants argue that the Plaintiff has presented no evidence of pretext. Finally, the Defendants argue that misuse of government issued travel credit cards by other WSU employees is irrelevant. (Ct. Rec. 80 at 7-8.)

The Defendants have failed to raise any arguments concerning the Plaintiff's Title VII claim that would permit reconsideration of the Court's prior order. The Court considered and rejected the Defendants' causation challenge at summary judgment. In doing so, the Court specifically addressed the Defendants' second and third supporting points and found them unpersuasive. (Ct. Rec. 62 at 14-15.) While the Defendants' other supporting points were not raised at summary judgment, they could have been. There has been no suggestion that newly discovered evidence requires reconsideration, that the court clearly erred in its prior ruling, or that the controlling law has changed.

Even if the Court were required to reconsider "what it has

already thought," the Plaintiff has demonstrated that genuine issues of material fact exist regarding causation. The Plaintiff has cited to evidence in the record that suggests Hansen knew about the Plaintiff's 2004 CHR complaint, evidence that supports an inference of pretext, and evidence that indicates other employees misused their travel cards. Response at 2-4, 10-12.

**III. THE PLAINTIFF'S OUTRAGE CLAIM**

The Defendants argue that the Plaintiff's outrage claim should have been dismissed for three reasons.[1] First, the Defendants argue that Hansen's conduct in failing to investigate other employees for misuse of their travel cards was not outrageous because there is no legally recognized duty to investigate in the state of Washington. Second, the Defendants argue that the doctrine of claim preclusion bars the Plaintiff's outrage claim because the Plaintiff could have raised it before the Personnel Appeals Board ("PAB"). Finally, the Defendants argue that the doctrine of issue preclusion bars the Plaintiff's outrage claim because the PAB found that Hansen's actions were not outrageous.

As with the Plaintiff's Title VII claim, the Defendants have failed to raise any arguments that would permit reconsideration. The

---

[1]The Defendants raise a fourth argument for the first time in their reply brief: that Hansen's conduct could not have been outrageous because the PAB found that the Plaintiff had "engaged in misconduct under state law." (Ct. Rec. 100 at 5.) The Court has not considered this argument because it is unsupported by explanation or analysis and is no more than one sentence in length. Even were this point properly briefed, however, a trial court will not address arguments alleged for the first time in a movant's reply brief. *In re Sherman*, 441 F.3d 794, 810 n. 20 (9th Cir. 2005).

Defendants' first argument could have been raised at summary judgment. Even if exceptional circumstances permitted the Court to consider it here, this argument is not persuasive. In order to be outrageous, conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Robel v. Roundup Corp.*, 148 Wash. 2d 35, 51, 59 P. 3d 611, 619 (Wash. 2002). Whether conduct is sufficiently outrageous to meet this standard is usually a question for the finder of fact. *Diacomes v. State*, 113 Wash. 2d 612,630, 782 P.2d 1002, 1013 (Wash. 1989). The definition of "outrageous conduct" is thus distinct from and not dependent upon considerations of legal duties.[2]

As to the Defendants' second argument, the Court's prior order explained, "A claim is not barred by claim preclusion if it could not have been litigated earlier." (Ct. Rec. 62 at 24)(citing *Kelly-Hansen v. Kelly-Hansen*, 87 Wash. App. 320, 330-31, 941 P.2d 1108, 1113-1114 (Wash. Ct. App. 1997)). The Court also concluded that intentional tort claims were not cognizable before the PAB. *Id.* The Defendants have presented no new evidence or analysis to alter that conclusion.

Finally, as with most of the Defendants' other arguments, the procedural posture of the instant motion precludes the Court from considering the Defendants' claim preclusion argument. While this

---

[2] The Plaintiff's Complaint did allege the breach of a legal duty as one basis for his outrage claim. Complaint ¶ 31. It appears he has abandoned this theory and is proceeding on the theory that Hansen's failure to investigate other officers was outrageous.

argument may have succeeded if it had been raised at summary judgment, it does not fall into any of the categories of argument appropriately made upon a motion for reconsideration. Moreover, claim preclusion is not a jurisdictional issue that may be raised at anytime. *In re Sasson*, 424 F.3d 864, 872 (9th Cir. 2005). It is an affirmative defense for which the Defendants bear the burden of proof. *Id.* Even if consideration of the Defendants' new claim preclusion argument were appropriate, the Defendants' one page of analysis unsupported by case law is insufficient to carry this burden.

**IV. THE PLAINTIFF'S RETALIATORY REFUSAL TO REINSTATE CLAIM**

The Defendants argue that the Plaintiff may not seek lost wages as damages for two reasons. First, the Plaintiff failed to appeal the PAB's order reinstating him at a lower rank. (Ct. Rec. 80 at 13-14.) Second, the Plaintiff did not plead failure to reinstate as a separate cause of action in his Complaint. (Ct. Rec. 80 at 14-15.)

The Court concludes that reconsideration of the Plaintiff's claim for lost wages is appropriate. While the Defendants' first argument inappropriately repeats an argument considered and rejected at summary judgment, the Defendants' second argument raises an "exceptional circumstance" permitting the Court to reconsider its prior order.

In his Response to the Defendants' Motion for Summary Judgment, the Plaintiff indicated that he was seeking lost wages based upon a retaliatory refusal to reinstate theory. Having satisfied itself that such a course of action was legally permissible, the Court concluded that the Plaintiff could pursue damages on this theory. The Plaintiff's Response to the Motion for Reconsideration now indicates

that the Plaintiff is pursuing retaliatory refusal to reinstate as a separate cause of action. This cause of action was not plead in the Complaint, and the Plaintiff made no reference to it as a separate cause of action prior to his Response to the motion for reconsideration. As a result, the Defendants did not have an opportunity to challenge this claim using a 12(b)(6) motion or at summary judgment. The Plaintiff has not moved to amend the complaint to add a claim for retaliatory refusal to reinstate. Although the Defendants did not challenge the refusal to reinstate theory at summary judgment, allowing the Plaintiff to proceed with this new claim would be sufficiently unfair to constitute an "exceptional circumstance." Accordingly, the Plaintiff may not pursue a separate claim for retaliatory refusal to reinstate at trial.

However, this does not necessarily preclude the Plaintiff from seeking lost wages as damages for his Title VII claim. The parties should be prepared to support their positions with case law concerning Title VII from the Ninth Circuit if they wish to submit jury instructions concerning lost wages or raise further challenges to this form of damages. The Court being fully advised,

**IT IS HEREBY ORDERED:**

1. The Defendants' Motion to Reconsider Order on Summary Judgment, **Ct. Rec. 80**, is **GRANTED IN PART** and **DENIED IN PART.**

2. The Defendants' Motion to Reconsider Order on Summary Judgment is **DENIED** as to the Plaintiff's Title VII claim.

3. The Defendants' Motion to Reconsider Order on Summary Judgment is **DENIED** as to the Plaintiff's common law outrage claim.

4. To the extent that the Plaintiff has alleged a separate cause of action for retaliatory refusal to reinstate, this claim is **DISMISSED.**

5. The present Order Granting In Part and Denying In Part Defendants' Motion for Reconsideration does not preclude the Plaintiff from seeking lost wages as damages for his Title VII claim, to the extent such damages are appropriate under the law.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this 23rd day of February, 2007.

s/ Fred Van Sickle
Fred Van Sickle
United States District Judge